IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK ANTHONY WILLIAMS, | : | PRISONER HABEAS CORPUS |
| Petitioner pro se, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| KEITH MCBRAYER, Sheriff, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-370-AT-WEJ |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner pro se, Mark Anthony Williams, confined in the Henry County Jail in McDonough, Georgia, submitted a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Person in State Pretrial Detention. (Pet. [1].)

Petitioner also submitted a request to proceed in forma pauperis ("IFP"). (Aff. [2].) The authorized institutional officer certifies that petitioner has $20.97 in his inmate account. (Id. at 3-4.) Accordingly, the undersigned finds that petitioner has sufficient funds to pay the $5.00 filing fee. **IT IS THEREFORE ORDERED** that petitioner's request to proceed IFP [2] is **DENIED**, and he must pay the $5.00 filing fee within **FOURTEEN (14) DAYS** from the date of this Order.

The matter is before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b). For the reasons stated below, the undersigned **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE**.

I.  **DISCUSSION**

Petitioner states that he has been confined in the Henry County Jail since December 28, 2016. (Pet. 1.) Petitioner claims that (1) he "was not given proper access" to the law library, (2) he "was not allowed to have a grievance form when requested," (3) his arrest warrant included incorrect information, (4) he "was not transported to a first appearance/commitment hearing within [seventy-two hours] of [his] arrest," (5) he "did not receive notice of scheduled court appearances by regular mail," (6) he "was not transported to [his] scheduled court appearance" on May 1, 2017, (7) his "trial has been delayed for over a year," and (8) he was "denied access to relevant [legal materials]." (Id. at 4-6.) Petitioner seeks immediate release, "a preliminary and permanent injunction prohibiting criminal prosecution," and expungement of his charges from his criminal record. (Id. at 7.)

Summary dismissal of a habeas petition is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. See 28 U.S.C. foll. § 2254, Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"). In the present case, the Petition is legally insufficient for the following reasons.

First, the undersigned addresses petitioner's claims regarding his arrest warrant, court appearances, and the progress of his criminal case. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." Younger, 401 U.S. at 53. "The Younger abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam). "Younger abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Id.

In the present case, all three requirements of Younger abstention are satisfied. Petitioner's state criminal proceedings are ongoing, such proceedings

implicate important state interests in enforcing criminal law, and petitioner has adequate opportunities to raise constitutional challenges in those proceedings. Because Younger prohibits the District Court from interfering in petitioner's state criminal proceedings, petitioner's claims regarding his arrest warrant, court appearances, and the progress of his criminal case should be dismissed without prejudice.  See Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) ("A dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the [petition].").

Although petitioner cannot obtain relief on those claims in federal court, he may file a petition for a writ of habeas corpus in the proper state court pursuant to O.C.G.A. § 9-14-1(a).  Petitioner's failure to exhaust his state court remedies further prevents the District Court from granting federal habeas relief.  See 28 U.S.C. § 2254(b)(1) & (c).

Next, the undersigned addresses petitioner's claims regarding law library access and grievances.  Habeas and civil rights cases are "mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate . . . civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Because claims regarding law library access and grievances can be raised in a civil rights action, those claims cannot be raised in a habeas petition.

4

If petitioner wishes to file a 42 U.S.C. § 1983 civil rights action, he should submit a proper § 1983 complaint as a new case under a new docket number.[1]

Accordingly, the undersigned **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## II. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

---

[1] If plaintiff files a § 1983 action, he is advised that he must pay the full $350.00 filing fee for that action from his inmate account, even if he is allowed to proceed IFP.

5

issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

### III. CONCLUSION

For the reasons stated above, petitioner's request to proceed IFP [2] is **DENIED**, and he must pay the $5.00 filing fee within **FOURTEEN (14) DAYS** from the date of this Order. Even if petitioner pays the $5.00 filing fee as ordered, the undersigned **RECOMMENDS** that (1) the Petition [1] be **DISMISSED**

**WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and (2) a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 12th day of February, 2018.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE